IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION, LLC, ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> 35.635 ACRES OF LAND, MORE OR ) <br> LESS, IN FAIRFIELD AND FRANKLIN ) <br> COUNTIES, OHIO; STEVEN A. AND ) <br> SUSAN M. WHARTON, et al., ) <br> ) <br>     **Defendants.** ) <br> ) | Case No.: 2:17-cv-01048 <br><br> Judge Michael H. Watson <br><br> Magistrate Judge Chelsey M. Vascura |

**SECOND AMENDED PROTECTIVE ORDER PURSUANT TO FEDERAL RULE CIVIL PROCEDURE 26(c)**

Upon stipulation of Plaintiff Columbia Gas Transmission, LLC ("Plaintiff") and Defendants Richard L. Paulus and Susan E. Paulus, Trustees ("Defendants R. Paulus and S. Paulus'") (separately referred to herein as "Party" and collectively as , the "Parties") and it appearing to the Court that there is good cause to enter an appropriate Protective Order pursuant to Federal Rule of Civil Procedure 26(c) ("Protective Order") to protect confidential information and materials which may be made available to the Parties for purposes of the upcoming Preliminary Injunction Hearing set for February 6, 2018 at 1:00 p.m. in Courtroom 3 before Judge Michael H. Watson, it is hereby ordered that the following principles and procedures shall govern such discovery:

    1.  <u>Scope.</u>  This Protective Order shall govern the handling of all documents produced by the Parties, including, but not limited to, those produced by Plaintiff in response to Defendants R. Paulus and S. Paulus' interrogatories and requests for production, dated January 18, 2018 (collectively, "Discovery Material"). This Protective Order is binding upon the Parties hereto, their agents and employees, all counsel for the Parties and their agents and employees,

11946800

and all persons to whom disclosure of Confidential Discovery Material pursuant to the terms hereof is made. The term "document" or "documents" is used with the broadest meaning possible, and includes but is not limited to those materials included in the definition of "documents" in Federal Rule of Civil Procedure Rule 34.

      2. <u>Confidential Discovery Material.</u> The Parties may designate as "Case Confidential" any Discovery Material containing trade secrets, proprietary or other confidential commercial, business, or financial information, or other information of a personal or non-public nature ("Confidential Discovery Material").

      3. <u>Procedure for designation.</u> Confidential Discovery Material may be designated as "Case Confidential" as follows:

      (a) In the case of documents or other materials, designation shall be made by the Party producing such Confidential Discovery Material by providing a list of the documents (by title of the PDF that the Party produces) that are to be treated as "Case Confidential" and protected by this Order. Notwithstanding the foregoing, a failure to designate a document as "Case Confidential" by itself does not constitute a waiver of such a claim. Any Party may designate a document as Confidential after the document has been produced by providing written notice of the designation, and the Party to whom the document has been produced shall treat the document as Confidential Discovery Material in accordance with this Protective Order.

      4. <u>Procedure for designation disputes.</u> To the extent any dispute arises over whether information is in fact confidential or proprietary, the Parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be informally resolved, the Party or person objecting to the designation of Discovery Materials as Confidential Discovery Materials may by motion apply to the Court for a ruling that the Discovery Materials should not

be treated as Confidential Discovery Materials.  While such a motion is pending and unless and until a Court enters an order granting such a motion, the designated Confidential Discovery Materials at issue shall continue to be treated as Confidential Discovery Materials in accordance with the terms of this Protective Order

5. <u>Authorized disclosure.</u>  Discovery Material that has been designated as Confidential Discovery Material, or information derived therefrom, may be disclosed, summarized, described, characterized, or otherwise communicated or made available only to the following persons:

(a) In-house and outside counsel for the Parties, and regular and temporary employees and contractors of such counsel necessary to assist in the conduct of the litigation.

(b) Experts or consultants retained by the Parties or the Parties' counsel solely for the purpose of assisting in prosecuting or defending the litigation.  Prior to being provided with Confidential Discovery Material, such experts or consultants shall be required to confirm their understanding and agreement to abide by the terms of this Protective Order by signing and agreeing to the terms of an undertaking in the form attached hereto as Exhibit A.  Signed copies of Exhibit A shall be obtained by, and retained in the files of, counsel for the Parties who have engaged such experts or consultants.  The provisions of this paragraph shall also apply to any employees or support staff who, as part of their employment with experts or consultants, assist in the prosecution or defense of this litigation.

(c) Potential, anticipated, or actual fact witnesses or deponents (other than witnesses and deponents covered by (d), below) and their counsel.  Prior to being provided with Confidential Discovery Material, such witnesses or deponents shall be required to confirm their understanding and agreement to abide by the terms of this Protective Order by signing and agreeing to the terms of an undertaking in the form attached hereto as Exhibit A.  Signed copies

of Exhibit A shall be obtained by, and retained in the files of, counsel for the Parties who provide Confidential Discovery Material to such witnesses or deponents.

    (d) The Parties and the officers, directors, and employees of the Parties, or any subsidiary or affiliate thereof, who are assisting the Parties in this litigation, or who appear as witnesses or deponents. Prior to being provided with Confidential Discovery Material, such individuals shall be required to confirm their understanding and agreement to abide by the terms of this Protective Order by signing and agreeing to the terms of an undertaking in the form attached hereto as Exhibit A.

    (e) Auditors and reinsurers.

    (f) Stenographers, videographers, or other court reporters engaged to transcribe or record depositions.

    (g) The Court and court personnel.

    (h) Any other person upon order of the Court or upon stipulation of the Plaintiff.

    6. <u>No unauthorized disclosure.</u> The Parties or any other person or entity having access to any Confidential Discovery Material shall not reveal such Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material under the terms of this Protective Order. In the event that Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Protective Order, the Party responsible for the disclosure shall immediately inform the Party who produced such Confidential Discovery Material of all pertinent facts relating to the disclosure, including the name, address, and employer of each person to whom the disclosure was made.

7. <u>The Parties' right to use Confidential Discovery Material.</u>  Nothing in this Protective order shall prevent the Parties from using their own Confidential Discovery Material produced by that Party for any purpose.

8. <u>Filing under seal.</u>  Any Party who wishes to file with the Court a document that quotes or otherwise includes the contents of any Confidential Discovery Material, shall, in accordance with the United States District Court for the Southern District of Ohio's Local Rule 5.2.1 (which relates to Federal Rule of Civil Procedure 5.2), first seek leave of Court, requesting that said Confidential Discovery Material be filed under seal.

9. <u>Use of Confidential Discovery Material at a Hearing or Trial.</u>  Notwithstanding the provisions of this Protective Order, the designation of material as "Case Confidential" shall not preclude any Party from using such material for any purpose at a hearing or trial of this matter.  The Party that intends to use such material at a hearing or trial shall disclose that fact to the designating Party prior to using the material, and appropriate safeguards shall be used to ensure that the Confidential Discovery Material is not publicly disclosed, such as, for example and without limitation, requesting that the Court place portions of the document(s) under seal.

10. <u>No admissions or prejudice to other rights.</u>  Entering into, agreeing to, producing or receiving Confidential Discovery Material, or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an admission by any Party that any particular Confidential Discovery Material contains or reflects confidential information;

(b) operate as an admission by any Party that any Discovery Material is not confidential;

106324371\V-3

(c) operate as an admission by any Party that any Discovery Material is, or is not, relevant or admissible in this litigation;

(d) prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Discovery Material;

(e) prejudice in any way the rights of any Party to object to the authenticity or admissibility of any document, testimony, or other evidence subject to this Protective Order;

(f) prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purported confidential information;

(g) prevent the Parties from agreeing to alter or waive the provisions in this Protective Order with respect to any particular Discovery Material.

11. <u>Duration of Protective Order.</u>  The provisions of this Protective Order shall, absent written permission of Plaintiff or further order of the Court, continue to be binding throughout and after the conclusion of this litigation.  The Court shall retain jurisdiction to enforce the terms of this Protective Order.

| | |
|---|---|
| */s/ David M. Fedder*_____ | */s/ Matthew L. Strayer*_____ |
| **Dentons US LLP** | **Goldman & Braunstein, LLP** |
| David M. Fedder (admitted *pro hac vice*) (TRIAL ATTORNEY) | Michael Braunstein (0060898) |
| John R. Haug (admitted *pro hac vice*) | Clinton P. Stahler (0092560) |
| Rachel M. Milazzo (admitted *pro hac vice*) | Matthew L. Strayer (0092068) |
| 211 N. Broadway, Suite 3000 | 500 South Front Street, Suite 1200 |
| St. Louis, MO 63102 | Columbus, OH 43215 |
| T:  314.259.1800 | (614) 229-4566/Telephone |
| F:  314.259.5959 | (614) 229-4568/Facsimile |
| david.fedder@dentons.com | Braunstein@GBlegal.net |
| john.haug@dentons.com | Stahler@GBlegal.net |
| | Strayer@GBlegal.net |

rachel.milazzo@dentons.com

*Counsel for Defendants, Richard L. Paulus and Susan E. Paulus, Trustees*

**Benesch, Friedlander, Coplan & Aronoff LLP**
Michael L. Snyder (0040990)
Jerome W. Cook (0036835)
Ryan S. Babiuch (0094025)
200 Public Square, Suite 2300
Cleveland, OH 44114-2378
T: 216.363.4500
F: 216.363.4588
msnyder@beneschlaw.com
jcook@beneschlaw.com
rbabiuch@beneschlaw.com

*Counsel for Columbia Gas Transmission, LLC*

Dated: February 6, 2018

**SO ORDERED:**

*/s/ Chelsey M. Vascura* _____
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:17-cv-01048 |
| ) | |
| 35.635 ACRES OF LAND, MORE OR ) | |
| LESS, IN FAIRFIELD AND FRANKLIN ) | Judge Michael H. Watson |
| COUNTIES, OHIO; STEVEN A. AND ) | |
| SUSAN M. WHARTON, et al., ) | Magistrate Judge Chelsey M. Vascura |
| ) | |
| Defendants. ) | |
| ) | |

## CONSENT TO BE BOUND BY PROTECTIVE ORDER

I hereby certify (1) my understanding that Discovery Material and/or Confidential Discovery Material is being provided to me pursuant to the terms and restrictions of the Protective Order entered by the Court, and (2) that I have read the Protective Order. I understand the terms of the Protective Order, I agree to be fully bound by the Protective Order, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of Ohio for purposes of enforcement of the Protective Order. I understand that a violation of the Protective Order is punishable as a contempt of Court, and may subject me to civil liability.

Dated: _____

Signature: _____

106324371\V-3